**In the Matter of Alan J. ASPINALL.**

No. 583S170.

Supreme Court of Indiana.

Nov. 22, 1983.

James S. Kowalik, Hopper & Opperman, Indianapolis, for respondent.

Sheldon A. Breskow, Executive Secretary, William C. Hussmann, Jr., Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

PER CURIAM.

This proceeding was commenced by the filing of a complaint under this cause charging the Respondent with entering into a business transaction with a client having differing interests, accepting employment when the exercise of his professional judgement was affected by his own interests, violating a Disciplinary Rule, engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, failing to maintain complete records of a client's funds, and failing to render proper accounting for those funds when requested. By reason of such alleged misconduct, Respondent is specifically charged with violating Disciplinary Rules 5–104(A), 5–101(A), 1–102(A)(1) and (4), and 9–102(B).

Pursuant to Admission and Discipline Rule 23, Section 11(d), the parties to this proceeding have tendered to this Court a conditional agreement under which they seek approval of the imposition of a public reprimand for such alleged misconduct. The Respondent, additionally, has presented to this Court the requisite affidavit pursuant to Section 17 of the above noted rule.

It is specifically agreed by the parties that the Respondent, a duly licensed attorney in the State of Indiana, was engaged in a professional capacity by Ronald L. Banta (Banta), a podiatrist, to perform certain legal services related to an incorporated medical practice, of which Banta owned one-third of the outstanding shares. Respondent performed services for the corporation and was compensated by the corporation.

In May, 1980, Respondent entered into a business known as "Big Boy's Toys, Inc." with Banta and one Charles L. Brown (Brown). Brown was to use his contacts in the automobile business to buy and sell luxury used cars and Banta was to provide a line of credit for the business. Respondent was to provide legal services in organizing the business and handling automobile title transactions, provide office and telephone facilities, keep the books for the business, and generally assist in operating the business. Prior to the initiation of the business relationship, Respondent failed to fully and completely disclose the nature of the differing interests which he and Banta possessed.

Respondent prepared various legal documents for Banta and the corporation, including notes, the proposed partnership agreement, and the Articles of Incorporation. Banta consulted with Respondent concerning legal matters of the business and considered Respondent to be protecting his (Banta's) interest in the business venture.

On or about June 5, 1980, Respondent filed the Articles of Incorporation for the venture and advised Banta that he (Banta) was a shareholder. Respondent maintained custody of all corporate records through December, 1980, but no shares of stock were issued and corporate minute books and resolutions were never prepared nor maintained. Additionally, Respondent failed to disclose the unfavorable financial status of the venture in a prompt fashion. By virtue of these omissions, Banta sustained financial damage.

In the course of the business, Respondent placed corporate funds into his trust account; however, there was no misappropriation. Respondent also failed to maintain complete corporate records and drew several checks on the corporate account for his personal use without prior consent and approval of Ronald Banta.

It was further agreed as matters in mitigation by the parties that Banta sought outside professional advice concerning the investment in "Big Boy's Toys, Inc." and was advised not to invest in the corporation; he chose not to follow this advise. Also, Respondent invested the sum of 12,000 dollars into the corporation which eventually was lost to Respondent.

In many instances it is difficult to differentiate a purely business transaction involving an attorney and a business relationship involving professional legal services, especially if such services are the *quid pro quo* for another's financial investment. However, in the present case, it appears clear that Banta entered into this transaction with an understanding that the Respondent would provide professional legal services. Respondent failed to set forth the nature of his own interests which differed from those of his client. At the inception of this agreement for professional services, it was reasonably probable that such adverse interests might affect any advice given.

In light of the above noted agreed facts this Court now finds that the Respondent engaged in professional misconduct and further finds that under the statement of circumstances the agreed discipline, a public reprimand, is appropriate.

It is therefore ordered that the Respondent be and he hereby is reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.